SEND

-O-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL L. SMITH, | ) Case No. EDCV 06-232-OP |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM OPINION; ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) |

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("JS") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

///

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly considered the opinion of Plaintiff's treating physician; and
2. Whether the ALJ erred by failing to pose a complete hypothetical to the vocational expert.

(JS at 3, 7.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///

1  ///
2  ///

## III.

## DISCUSSION

**A.  The ALJ Did Not Err in Discounting the Opinions of Plaintiff's Treating Physician.**

Plaintiff contends the ALJ erred in rejecting the opinion of Dr. Kim, a treating psychiatrist, because he failed to provide specific and legitimate reasons for rejecting that opinion.  Specifically, Plaintiff complains that the ALJ failed to "consider or discuss the comprehensive 'Evaluation Form For Mental Disorders" that was completed by Dr. Kim."  (JS at 3.)  Plaintiff contends that that opinion by Dr. Kim "would prevent the Plaintiff from being able to successfully engage in competitive employment."  (Id.)

Dr. Kim, a prison staff psychiatrist who treated Plaintiff in 1999, concluded that Plaintiff had multiple symptoms, including "psychosis, depression, anxiety, and memory impairment.  He has very limited social skills and social support." (AR at 330.)  Dr. Kim found Plaintiff's Global Assessment of Functioning ("GAF") score to be 40.   A GAF of 40 is indicative of:

> [s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work . . .).

Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. 2005). By way of contrast, the GAF range for "absent or minimal symptoms" is 81-90, and the range for "mild symptoms" is 61-70. Id.

At Plaintiff's first hearing, on February 4, 2004, Dr. Malancharuvil, a

medical expert, testified "after reviewing the entire medical record and hearing the claimant's testimony." (AR at 16.) At that hearing, Dr. Malancharuvil rejected Dr. Kim's assessment and specifically referred to Dr. Kim's observations about Plaintiff's sloppy dress, complaints of poor memory in immediate, recent, and remote events, use of notes to help him remember dates and information about himself, depressed and anxious mood, denial of suicidal ideation, and below average intelligence. (AR at 498.) Dr. Malancharuvil testified that these observations did not support Dr. Kim's ultimate conclusions. (Id.)

In his March 2005 decision, the ALJ noted:

> The claimant was examined by Dr. Kim, a prison staff psychiatrist on December 22, 1999 (Exhibit 15F, p. 10). Dr. Malancharuvil was of the opinion that the claimant's mental status examination did not warrant a psychotic diagnosis or a GAF of 40.

(AR at 16.) The ALJ went on to thoroughly discuss Dr. Malancharuvil's opinions, including the belief that the Plaintiff was malingering and the opinion that Plaintiff evidenced a mixed personality disorder with prominent anti-social features, intermittent reactive depression, and history of substance abuse. (AR at 16, 494.)

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and

convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). Contrary opinions of examining and non-examining physicians "serve as additional specific and legitimate reasons" for rejecting the opinions of treating and examining physicians. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); see also Johnson v. Shalala, 60 F.3d 1428, 1423, 1433 (9th Cir. 1995) (self-contradictory nature of treating physician opinion was "clear and convincing" reason for rejection).

Dr. Malancharuvil's opinion, contrary to Dr. Kim's assessment, serves as a specific and legitimate reason for rejecting Dr. Kim's opinion, especially, where, as here, Dr. Kim's observations did not support his ultimate conclusion. Moreover, since the opinion of Dr. Malancharuvil, controverting Dr. Kim's assessment, was based on other physician's objective findings (see AR at 495-96), it also serves as substantial evidence supporting the ALJ's findings. See Tonapetyan, 242 F.3d at 1149.

Accordingly, the Court finds that the ALJ's reason for rejecting Dr. Kim's assessments and finding Plaintiff not disabled was specific, legitimate, and based on substantial evidence. Based on the foregoing, the Court finds that the ALJ did not err in rejecting Dr. Kim's opinions.

**B.** **The ALJ Did Not Err with Respect to the Hypothetical Posed to the Vocational Expert.**

In his second disputed issue, Plaintiff claims that the ALJ erred by failing to pose a complete hypothetical question to the Vocational Expert. Specifically, Plaintiff claims the ALJ should have included the mental limitations set forth by Dr. Kim in his evaluation, and instead, only included the limitations based on Dr.

5

Malancharuvil's testimony, and the examination done by Dr. Craig. (JS at 7; AR at 578-79.)

Hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations substantiated by the evidence of record which the ALJ finds to exist. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001); Magallanes, 881 F.2d at 756-57; Copeland, 861 F.2d at 540; Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).

Here, it follows from the Court's finding above with respect to the first disputed issue that the ALJ did not find substantial evidence to support Dr. Kim's mental limitations. It in turn follows that the hypothetical posed to the Vocational Expert need not include the limitations posited by Dr. Kim.

Accordingly, the Court finds no error in the hypothetical posed to the Vocational Expert.

## IV.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: July 3, 2007

HONORABLE OSWALD PARADA
United States Magistrate Judge